UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 11-43124-MSH |
| THOMAS J. KINCH A/K/A | ) | |
| THOMAS KINCH, | ) | |
| AND | ) | |
| JANET A. KINCH | ) | |
| | ) | |
| Debtors | ) | |
| | ) | |
| SCHWEBEL BAKING COMPANY | ) | |
| | ) | |
| Plaintiff | ) | Adversary Proceeding |
| | ) | No. 11-04110 |
| v. | ) | |
| | ) | |
| THOMAS J. KINCH A/K/A THOMAS | ) | |
| KINCH | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| | ) | |

**MEMORANDUM OF DECISION AND ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

The plaintiff, Schwebel Baking Company, seeks summary judgment on a complaint against defendant, Thomas J. Kinch, a co-debtor in the main cases, seeking a determination that the debt owed to Schwebel by Mr. Kinch is nondischargeable. Mr. Kinch, appearing pro se, opposes Schwebel's motion.

**BACKGROUND**

The relevant facts are not in dispute. Schwebel is a company based in Youngstown, Ohio. In November 2004, Schwebel contracted with Skeye Systems, Inc., a company of which Mr.

Kinch was president, for the purchase and installation of computer hardware and software for a route accounting and shipping system. A dispute developed and in September 2007, Schwebel filed suit against Skeye and Mr. Kinch in the Mahoning County, Ohio Court of Common Pleas for breach of contract and fraud. After a bench trial, the court issued a decision finding Skeye liable for breach of its contracts with Schwebel and Mr. Kinch liable for fraudulent misrepresentation. The court of common pleas found that "although Kinch promised that many of the contracted for obligations would be completed by Skeye during the contract period, it appears clearly and convincingly from the evidence that Kinch made representations to [Schwebel] that were material to the transaction and that these representations were made with knowledge of their falsity or with such reckless or utter disregard for their truthfulness that Kinch's knowledge of their falsity may be inferred and that Kinch took such action with the intent to induce Schwebel to rely on the misrepresentations" and that "if not for [Kinch's] misrepresentations of facts to [Schwebel], the contracts would never have been entered into." The court entered judgment in favor of Schwebel and against Skeye and Mr. Kinch, jointly and severally, in the amount of $369,987.00, which was the amount Schwebel paid Skeye pursuant to the contracts. On March 14, 2011, final judgment was filed with the clerk of the court of common pleas. Copies were mailed to the parties on April 12, 2011.

On May 13, 2011, Mr. Kinch and Skeye filed a notice of their appeal of the judgment of the court of common pleas to the Seventh District Court of Appeals in Mahoning County, Ohio. On May 27, 2011, the court of appeals issued an order finding that proper jurisdiction to review the judgment entry of March 14, 2011 could exist only if appellants had filed a notice of appeal

on or before May 12, 2011 (within thirty days after notice of judgment).[1] Nevertheless, the court of appeals granted Mr. Kinch and Skeye thirty days to file a memorandum of law demonstrating proper jurisdiction of the court to review the March 14, 2011 judgment based on the late-filed notice of appeal. Neither Mr. Kinch nor Skeye filed any memorandum with the court of appeals. Despite appellants' failing to comply with its May 27, 2011 order, the court of appeals did not *sua sponte* dismiss the appeal.

On July 18, 2011, the 30 day period granted by the court of appeals for Mr. Kinch and Skeye to submit a memorandum having expired with no memorandum having been filed, Schwebel filed suit in the Middlesex Superior Court Department of the Trial Court of Massachusetts (Docket No. MICV2011-02528) to domesticate and enforce the Ohio court of common pleas' judgment.

On July 21, 2011, Mr. Kinch and his wife filed the joint voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") commencing the main case here. They scheduled Schwebel as a creditor holding a $369,987.00 unsecured claim and Schwebel received notice of the bankruptcy.

On August 24, 2011, Schwebel filed a motion to dismiss the appeal in Ohio. The court of appeals granted Schwebel's motion and dismissed the appeal on September 6, 2011.

---

[1] Under Ohio Appellate Rule 4(A), "a party shall file the notice of appeal required by Appellate Rule 3 within thirty days of the later of entry of the judgment or order appealed, or in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure." Ohio Civil Rule 58(B) provides that "the clerk is to serve the parties in a manner prescribed by Civil Rule 5(B), and upon serving the notice and notation of the service in the appearance docket, the service is complete." Ohio Civil Rule 5(B) provides that "service by mail is complete upon mailing."

3

## POSITIONS OF THE PARTIES

Schwebel argues that the Ohio court of common pleas made findings that Mr. Kinch, knowing that Schwebel would rely on them, made fraudulent misrepresentations of material facts that induced Schwebel to enter into the contracts with Skeye and that but for those misrepresentations the contracts would never have been entered into. Schwebel asserts that the Ohio judgment has preclusive effect in this proceeding under the doctrine of collateral estoppel and thus the elements for non-dischargeability of a debt under Bankruptcy Code § 523(a)(2)(A) have been established.

In opposing Schwebel's motion for summary judgment Mr. Kinch suggests that the Ohio court of common pleas failed to consider certain evidence which would have discredited evidence presented by Schwebel and which was the basis of his appeal. Mr. Kinch also asserts that in filing its motion to dismiss the Ohio appeal after Mr. and Mrs. Kinch commenced their bankruptcy case, Schwebel violated the automatic stay provisions of Bankruptcy Code § 362 and that its violation was willful. While Mr. Kinch does not articulate how a stay violation would be a basis for my denying Schwebel's motion for summary judgment, I will assume he is suggesting that if Schwebel's motion to dismiss the Ohio appeal is invalid as having been in violation of the automatic stay, then the judgment of the court of common pleas is not final and would have no preclusive effect in this adversary proceeding.

At the hearing on Shwebel's motion for summary judgment, Schwebel argued that its moving to dismiss the Ohio appeal did not violate the automatic stay because the Ohio court of appeals had ruled that the appeal was untimely and because the thirty-day period the court had granted Mr. Kinch and Skeye to show proper jurisdiction had passed without their filing a memorandum. Schwebel further contended that Mr. Kinch had failed to provide any evidence

that he was harmed by the stay violation or that the violation was willful and indeed neither Schwebel's counsel in Ohio nor the Ohio court of appeals knew that Mr. Kinch had filed a bankruptcy petition.

## DISCUSSION

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file and any affidavits show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c), made applicable by Fed. R. Bankr. 7056. A "genuine" issue is one supported by evidence that a "reasonable jury, drawing favorable inferences," could resolve in favor of the nonmoving party. *Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir. 2002). A disputed fact must be "material," meaning that it has "the potential to change the outcome of the suit" under the governing law if the dispute is resolved in favor of the nonmovant. *McCarthy v. NW Airlines, Inc.*, 56 F.3d 313, 314-15 (1st Cir. 1995). The moving party bears the initial responsibility of informing the court of the basis for its motion and "identifying those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only if the record, viewed in that matter and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment." *Cadle Co. v. Hayes*, 116 F.3d 957, 959 (1st Cir. 1997).

Here, Schwebel argues that the judgment of the Ohio court is *res judicata* as to all the predicate facts required to establish its non-dischargeabilty claim under bankruptcy Code § 523(a)(2)(A). That would be true if the judgment of the Ohio court of common pleas was a final judgment. It is not.

5

There can be no question that the Ohio court of common pleas action is a judicial proceeding against the debtor within the meaning of Bankruptcy Code § 362(a)(1) and that Schwebel's filing a motion to dismiss the Ohio appeal after commencement of the Kinchs' bankruptcy case was an attempt to continue the judicial proceeding by rendering the court of common pleas' judgment final. As such Schwebel's action was a violation of the stay.

As the term implies, the automatic stay is automatic and the fact that a party lacks personal knowledge of a bankruptcy has no bearing in the stay's effectiveness. *See Soares v. Brockton Credit Union (In re Soares)*, 107 F.3d 969, 975 (1st Cir. 1997). In any case, Schwebel was listed as a creditor in the Kinchs' bankruptcy papers and received notice of the bankruptcy from the court well prior to the date it filed its motion to dismiss in the Ohio appeals court. The fact that Schwebel may have neglected to convey its knowledge of the Kinchs' bankruptcy to its Ohio counsel is irrelevant to the question of a stay violation. *See Shadduck v. Rodolakis (In re Shadduck)*, 221 B.R. 573, 584 (D. Mass. 1998) (holding that the IRS was charged with knowledge of the bankruptcy at the time of the stay violation because an IRS employee was given notice of the order vacating the discharge).

It has long been settled law in the First Circuit that acts undertaken in violation of the automatic stay are void. *See Soares*, 107 F.3d at 975. Hence, the Ohio court of appeals' allowing Schwebel's stay-violative motion to dismiss was ineffective and unenforceable. With the appeal in Ohio technically still pending, Schwebel's motion for summary judgment is premature as the Ohio judgment for which it seeks preclusive effect here is not yet final. Schwebel must obtain relief from stay in the main case. Retroactive relief from stay may be available to Schwebel to validate, after the fact, the action that is void but Schwebel must seek the appropriate relief. *See In re Bright*, 338 B.R. 530, 535 (B.A.P. 1st Cir. 2006) (holding "it is the offending creditor's

burden to demonstrate that its void actions should be validated after the fact"). To the extent Mr. Kinch believes Schwebel's stay violation was willful and gives rise to a damage claim under Bankruptcy Code § 362(k) he will have the opportunity to raise the issue in response to Schwebel's motion seeking stay relief should one be filed or he may file his own motion for sanctions in the main case.

Since at this time the judgment of the Ohio court of common pleas is not final, I cannot find that no material issues of fact exist with respect to Schwebel's fraudulent misrepresentation claim (count I of its complaint) and thus Schwebel's motion for summary judgment is DENIED.

At Worcester, Massachusetts this 14th day of March, 2013.

By the Court,

Melvin S. Hoffman
U.S. Bankruptcy Judge

Counsel Appearing:

Thomas J. Kinch, appearing pro se
Devens, MA

Carlos Cellai, Esq.
Cellai Law Offices, P.C.
Boston, MA
For the plaintiff Schwebel Baking Company